■ In the Matter of the Claim of FRIEDA LEWIS, Respondent, v CAMBRIDGE FILTER CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 1986.

Sometime during the early part of June 1982, claimant allegedly injured her back while boxing and stacking filters as part of her duties at Cambridge Filter Corporation. Claimant testified that immediately after injuring herself, she reported the matter to her supervisor, Ava Emmerth, and also went to see Ann Stein for first aid. Claimant alleges that Stein did not offer her any treatment or make any record of the event. Approximately two weeks later, on June 28, 1982, claimant went to the hospital and was seen by Dr. Scott Greenfield. Two weeks later she returned to the hospital complaining of pain in her lower back and received conservative treatment.

On December 22, 1982, claimant filed a form C-3, thereby instituting her claim for workers' compensation benefits. She listed her injuries as "acute lumbo-sacral strain, fracture of the transverse process and possible herniated disc" and stated that the injury took place on June 28, 1982. The employer's carrier controverted the claim. At the hearing held on October 27, 1983, Emmerth denied that claimant had told her of any incident at work. Stein, to whom claimant testified she went to obtain first aid, testified she knew nothing of claimant's accident. In fact, it became clear at the hearing that Stein was on vacation on the date of claimant's alleged accident. Further, the employer's plant medical records show no complaint of back pain by any employee in the month of June 1982. Next, claimant's testimony that the injury took place in early June is disputed by the history given to Dr. Greenfield, who treated claimant on June 28, that she had back pain for 1½ days prior to such date. The second doctor to see claimant was Dr. Robert Nicaise, who saw her on July 1, 1982. Claimant testified that she told Dr. Nicaise that she had been injured at work. Dr. Nicaise testified that he had received no history of

an injury at work. Further, Dr. J. Sadrieh, who was also consulted by claimant, stated that her pain resulted from a fall at her home several years before June 1982. Dr. Sadrieh did not file any workers' compensation form. After a hearing, the Administrative Law Judge (ALJ) disallowed the claim. On appeal, the Workers' Compensation Board reversed, relying upon claimant's testimony.

We reverse. The Board's determination is not supported by substantial evidence. It has long been the rule of this State that whether evidence is substantial is to be determined " 'in the light of the record as a whole' " (Matter of Kelly v Murphy, 20 NY2d 205, 209, quoting Matter of McCormack v National City Bank, 303 NY 5, 9). In this case, which turns on witness credibility, the ALJ, who heard and observed the witnesses, disallowed the claim. Certainly the Board is not bound by the findings of the ALJ (see, Matter of Rothstein v Consolidated Elec. Constr. Co., 84 AD2d 594, 595). Further, the Board is free to pass on issues of credibility (see, Matter of Konstantinakos v Plaza Hotel, 93 AD2d 927, 928). However, here the Board relies on the testimony of one interested witness whose testimony is replete with inconsistencies in the face of the unimpeached testimony of a number of impartial witnesses whose testimony is consistent and is supported, in part, by documentary evidence. The Board's decision is not supported by substantial evidence.

Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.