■ In the Matter of the Claim of ALEXANDRA KATSILOGIANNIS, Appellant, v SPIRO's SERVICE STATION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine,

J. 

Claimant sustained head and back injuries when the taxicab in which she was a passenger was involved in an automobile accident. She filed a claim for workers' compensation benefits alleging that the accident occurred in the course of her employment as president and manager of Spiro's Service Station, Inc.

A hearing was held, and because claimant was a noncommunicative witness, apparently as a result of the injuries and trauma she suffered in the accident, her husband, Demitrios Katsilogiannis, provided all of the testimony pertaining to the accident. According to Katsilogiannis, claimant was on an errand to purchase machinery for the business at the time of the accident. When questioned about his relationship to the business, Katsilogiannis replied that he was not an officer of the corporation. However, the record contains an employer's report of injury which was signed by Katsilogiannis as corporate vice-president. Moreover, this document states that claimant's accident occurred while she was returning by taxicab to work from the New York City Department of Rent and Occupancy Tax. The Workers' Compensation Board found that the testimony of Katsilogiannis was not credible and that claimant's accident did not arise out of and in the course of her employment. This appeal ensued.

Claimant's only contention on appeal is that the Board's decision is not supported by substantial evidence in the record. Specifically, claimant contends that the Board erred in refusing to accept her husband's testimony that the accident occurred in the course of her employment. We disagree. It is within the Board's province to determine the credibility of witnesses (see, Matter of Lewis v Cambridge Filter Corp., 132 AD2d 802, 803, lv dismissed 70 NY2d 871) and, in our view, the inconsistencies in the record provide a sufficient basis to support the Board's conclusion.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.