■ In the Matter of the Claim of RICHARD LA ROSA, Appellant, v IBM CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 161] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 5, 1996, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

In August 1988 claimant, a senior program manager, suffered a work-related heart attack. He returned to work on a

full-time basis five months later; however, a second heart attack in February 1989 resulted in a six-month absence from work. Claimant performed managerial and supervisory duties without any medical restrictions from September 1989 through August 1991, at which time he began teaching on a full-time basis at an out-of-State university as part of a work-related faculty loan program. Between May 1992, when his teaching assignment ended, and July 1992, when he accepted a buy-out retirement package, claimant resumed his supervisory and managerial duties. The buy-out package accepted by claimant gave him a six-year "bridge" to retirement with full benefits, as well as a sizable cash severance award.

Approximately 16 months after accepting the buy-out package, claimant requested the Workers' Compensation Board to reopen his case to consider the claim of "[c]ausally related disability/compensable lost time". According to claimant, he did not voluntarily withdraw from the labor market by accepting the early retirement buy-out option; rather, his decision to retire was due to his work-related disability. The Board determined that claimant voluntarily removed himself from the labor market and that he sustained no compensable lost time, prompting this appeal.

In our view, substantial evidence exists to support the Board's determination that claimant voluntarily removed himself from the labor market by accepting the voluntary buy-out package and we accordingly affirm (*see generally, Matter of Serwetnyk v USAir*, 249 AD2d 631; *Matter of Pikcilingis v Macy's*, 209 AD2d 742). The buy-out package was offered to all eligible employees during a period when the employer was actively downsizing. Concerned that he might otherwise be laid off, claimant accepted the buy-out package, which was financially advantageous (*see, Matter of Cameron v Carrier Air Conditioning Co.*, 85 AD2d 864, *appeal dismissed* 56 NY2d 1030; *Matter of Meyers v Bell Aerosystems*, 43 AD2d 869). Moreover, the record reveals that, in the nearly three-year period preceding his retirement (i.e., from Sept. 1989 through July 1992), claimant satisfactorily performed all job duties without any physical complaints or medical restrictions and never complained to his supervisor that he was physically unable to perform any task.

Crew III, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.