■ In the Matter of the Claim of GEORGE GOWDEY, Appellant, v NEWBURGH CITY SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [689 NYS2d 718] —Appeal from a decision of the Workers' Compensation Board, filed June 3, 1997, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant, a custodian, sustained a work-related back injury on April 30, 1985 and returned to work on May 7, 1985. Seven years later at the age of 62, claimant retired upon vesting for his pension. Notwithstanding the undisputed fact that claimant has a continuing partial medical disability, the Workers' Compensation Board denied claimant's subsequent application for compensable lost time causally related to his 1985 back injury, determining that claimant voluntarily withdrew from the labor market. Claimant appeals and we affirm.

---

The record fails to establish that claimant's duties changed during the seven years following his back injury nor was claimant under any written medical restrictions regarding the performance of his duties. Furthermore, in C-4 reports submitted over a 10-year period, claimant's attending chiropractor indicated that claimant was working without a disability. The Board rejected the chiropractor's testimony that these notations were clerical errors and concluded that claimant's disability did not interfere with the performance of his duties. While there were occasional exacerbations of his condition, claimant's condition did not improve or worsen throughout his treatment, and he continued to work. Under the circumstances, we conclude that substantial evidence supports the Board's finding that claimant's decision to retire was not effected by his disability and that he voluntary withdrew from the labor market (*see, Matter of La Rosa v IBM Corp.*, 256 AD2d 670, 671; *Matter of Pikcilingis v Macy's*, 209 AD2d 742, 743; *see also, Matter of Ribar v County of Suffolk*, 125 AD2d 801).

Cardona, P. J., Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.