■ In the Matter of the Claim of Mary Camarda, Appellant, v New York Telephone, Respondent. Workers' Compensation Board, Respondent. [693 NYS2d 638] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 13, 1997, which ruled that claimant voluntarily withdrew from the labor market.

Claimant, who had not returned to work after injuring her back during the course of her employment in May 1995, accepted the employer's retirement incentive package and retired in September 1995. The Workers' Compensation Board concluded that, in doing so, claimant voluntarily withdrew from the labor market. Claimant contends that the Board erred by treating her retirement as an automatic disqualification.

Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed (*see, Matter of Johnson v New York City Health & Hosps. Corp.*, 251 AD2d 920). While the Board has found that withdrawal is not voluntary when there is evidence that a claimant's disability caused or contributed to retirement (*see, Matter of Landi v Carrier Corp.*, 125 AD2d 789; *Matter of Lamia v New York City Tr. Auth.*, 103 AD2d 887), a voluntary withdrawal has been found when the evidence fails to demonstrate that the disability played a role in the decision to retire (*see, Matter of Gowdey v Newburgh City School Dist.*, 261 AD2d 663; *Matter of La Rosa v IBM Corp.*, 256 AD2d 670; *Matter of Pikcilingis v Macy's*, 209 AD2d 742). In this case, the evidence demonstrates that the retirement incentive package was part of the employer's voluntary downsizing program. Claimant, who was eligible to retire without the retirement incentive, testified that if the incentive had not been offered, she would not have retired. She described

the incentive as "very financially advantageous". Noticeably absent from claimant's testimony is any claim that her back injury was a contributing factor in her decision to accept the financially advantageous retirement incentive. Nor did claimant testify that she consulted with her doctor prior to accepting the incentive or that he advised her to retire because of her back injury. Thus, there is substantial evidence in the record to support the conclusion that financial considerations, not her back condition, motivated claimant's decision to retire (*see, Matter of Cameron v Carrier Air Conditioning Co.*, 85 AD2d 864, *appeal dismissed* 56 NY2d 1030).

Inasmuch as claimant did not testify that her back condition was a factor in her decision to retire, we reject claimant's contention that the Board could not make its decision without the testimony of her treating physician and the employer's consultant. Claimant's remaining arguments have been considered and provide no basis upon which to disturb the Board's decision.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.