■ In the Matter of the Claim of RETHA SANDERS, Appellant, v NYACK HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 805] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed September 2, 1999, which ruled that claimant voluntarily withdrew from the labor market and denied her claim for workers' compensation benefits.

Claimant sustained a work-related injury to her neck and back in 1991 and a second work-related injury to her neck in 1993. She lost approximately two months from work in 1991 and only a few days in 1993. Beginning in 1994, as a result of staff reductions, claimant was required to perform additional

lifting, pushing and pulling. In December 1995 and January 1996, claimant lost additional time from work as a result of chronic neck and back problems. Upon her return to work, claimant provided a note from her physician which recommended that she limit her pushing, pulling and carrying of heavy objects. Claimant, however, elected to work only three or four days per week and, when she advised her managers that she was unable to do the work, she was told that she either had to do the work or quit. In April 1996, when claimant's department was transferred to an outside contractor, claimant accepted a severance package and resigned. The Workers' Compensation Board ultimately concluded that claimant had retired due to a retirement incentive and not as a result of the compensable injuries. Claimant now appeals.

"Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed [citation omitted]" (*Matter of Beehm v Education Opportunity Ctr.*, 272 AD2d 808). Although claimant contends that her disability prevented her from performing her work and that her only recourse was to resign or be fired, she conceded that her physician did not advise her to stop working, and there is no evidence that she consulted with her physician before accepting the severance package. In fact, only a few months prior to claimant's resignation, her physician had cleared her to return to work with some limitations. Approximately one week prior to the effective date of her resignation, a consultant for the employer's workers' compensation carrier examined claimant and found that she did not need further treatment. Moreover, another consultant later attributed her partial disability to a condition of her right shoulder that was not causally connected to either of the earlier accidents by any medical evidence. While we recognize that claimant's physician's subsequent report of her inability to perform the duties of her work might support a contrary conclusion, this created a credibility issue within the Board's exclusive province to resolve (*see, Matter of Dennis v County Limousine Serv.*, 270 AD2d 740, 742). There is substantial evidence to support the Board's conclusion that claimant voluntarily withdrew from the labor market and that her disability did not cause or contribute to her retirement.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.