■ In the Matter of the Claim of HOWARD BAUMGARTEN, Appellant, v NEW YORK STATE BANKING DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [718 NYS2d 480] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 28, 1999, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant sustained a work-related injury to his back in November 1995. He sought continuing treatment from a chiropractor but did not consult a physician or lose time from work. Claimant became eligible to retire in April 1996 and did so in August 1996. The Workers' Compensation Board concluded that claimant's retirement constituted a voluntary withdrawal from the labor market, prompting this appeal by claimant.

Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed (see, Matter of Griffin v Syracuse Rigging Co., 259 AD2d 925). Claimant and a co-worker were the only witnesses to testify. Claimant testified that the commuting and sitting required by his job left him in continuous back pain and that when his condition did not improve, he decided to retire. He also testified that his treating chiropractor had recommended retirement. The co-worker, who was a friend of claimant, testified that claimant had complained to him about the pain and told him that if the pain persisted, he would have to retire. In its decision, the Board discredited claimant's testimony because the medical evidence failed to substantiate his claims that he retired due to a disabling medical condition and that his chiropractor had advised him to retire.

Claimant contends that in the absence of any testimony to the contrary, the Board was obligated to accept his testimony and that of his co-worker. We disagree. As "the sole and final arbiter of whether the testimony of a particular witness is worthy of belief" (Matter of Altman v Hazan Import Corp., 198 AD2d 674, 675), "[t]he Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Marshall v Murnane Assocs., 267 AD2d 639, 640, lv denied 94 NY2d 762). In addition, where the record evidence is inconsistent, the Board is warranted in rejecting testimony that

fails to find support in documentary or other impartial evidence (*see, id.,* at 640; *Matter of Katsilogiannis v Spiro's Serv. Sta.,* 140 AD2d 816, 817; *cf., Matter of Lewis v Cambridge Filter Corp.,* 132 AD2d 802, 803, *lv denied* 71 NY2d 805).

Here, the record confirms that the chiropractor who treated claimant after the injury reported no disability prior to claimant's retirement and the sole restriction, on heavy lifting, was indicated only in the initial report in December 1996 which also indicated that claimant was responding well. Subsequent reports contained no restrictions until after claimant retired, when the treating chiropractor first reported a partial disability. In addition, claimant conceded that he lost no time from work prior to retirement, did not complain to his supervisor, did not request any change in his working conditions to accommodate his condition, did not consult with any other professionals and did not advise his supervisor that he was retiring due to the injury. This evidence is inconsistent with claimant's testimony that he retired due to a disabling condition and that his chiropractor advised such a course of action. These inconsistencies provide ample support for the Board's decision to reject the testimony of claimant and his co-worker, which was based on claimant's subjective complaints of pain. Having discredited this testimony, the Board's conclusion that claimant's work-related injury did not play a role in his decision to retire has a substantial basis in the medical evidence (*see, Matter of Camarda v New York Tel.,* 262 AD2d 816; *see also, Matter of Parmeter [Commissioner of Labor],* 270 AD2d 552, *lv denied* 95 NY2d 756).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.