■ In the Matter of the Claim of NICOLA PARISI, Appellant, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [727 NYS2d 196] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed May 31, 2000, which ruled that

claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant sustained a work-related injury to his back in June 1994. His treating physician released him to return to work the next month and he continued to work at his regular duties without restriction and received a full salary until December 1995 when, at the age of 61, he accepted a retirement incentive offer and retired. The Workers' Compensation Board concluded that claimant's retirement constituted a voluntary withdrawal from the labor market, prompting this appeal by claimant.

Claimant contends that the Board applied the wrong legal standard by requiring evidence that claimant's retirement was medically necessary. Although the decision of the Workers' Compensation Law Judge refers to medical necessity, the Board's decision finds insufficient evidence to demonstrate that claimant's disability played a role in his decision to retire, which is the appropriate standard (see, Matter of Camarda v New York Tel., 262 AD2d 816). Claimant also contends that the record provides no support for a finding that his back condition did not play a role in his decision to retire. We disagree.

Claimant testified that he retired because he could not do his job, but he continued to perform his regular duties from his return to work in July 1994 until he retired. He claimed to have taken sick leave as a result of his back, but he submitted no supporting documents, and his treating physician's notes contain no reference to any lost time from work. Claimant also testified that early retirement gave him a reduced pension, but the incentive provided him with an additional 32 months of service credit in the calculation of the pension. Although claimant's treating physician testified that claimant's condition worsened and that he advised claimant to retire, the physician conceded that his notes do not reflect either the worsening condition or the advice to retire. In view of the Board's broad authority to resolve factual issues based upon the credibility of witnesses and draw any reasonable inference from the evidence in the record (see, Matter of Marshall v Murnane Assocs., 267 AD2d 639, lv denied 94 NY2d 762), we find ample support in the record for the Board's refusal to credit the testimony of claimant and his physician (see, Matter of Baumgarten v New York State Banking Dept., 279 AD2d 741). Having discredited this testimony, the Board could conclude from the remaining evidence in the record, including the medical evidence that claimant was able to return to work and continued to work until he retired, that claimant's work-related injury did not play a role in his decision to retire (see, id.).

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.