■ In the Matter of the Claim of HARRY EVANS, Appellant, v JEWISH HOME AND HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 678] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed May 18, 1999, which ruled that claimant voluntarily withdrew from the labor market.

Claimant sustained neck and back injuries in the course of his employment in March 1997. He returned to work shortly thereafter, but stopped working in May 1997. He remained on sick leave and vacation leave until he retired in August 1997, shortly before his 62nd birthday. There is medical evidence in the record that claimant received periodic treatment for the work-related injuries and that he was disabled by those injuries. The consultant for the employer's workers' compensation carrier, however, found that claimant was not disabled from work. In reversing an award of workers' compensation benefits based on the work-related injuries, the Workers' Compensation Board ruled that "[a]bsent evidence that the claimant was medically advised to retire due to his compensation injuries, the Board Panel is forced to conclude that the claimant voluntarily removed himself from the labor market." Claimant appeals.

As this Court explained in Matter of Camarda v New York Tel. (262 AD2d 816): "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed * * *. While the Board has found that withdrawal is not voluntary when there is evidence that a claimant's disabil-

ity caused or contributed to retirement * * *, a voluntary withdrawal has been found when the evidence fails to demonstrate that the disability played a role in the decision to retire" (*id.*, at 816 [citations omitted]).

Although the absence of evidence of medical advice to retire may be a relevant factor in determining whether a particular claimant's retirement constituted a voluntary withdrawal from the labor market (*see, e.g., Matter of Sanders v Nyack Hosp.*, 277 AD2d 829; *Matter of Pikcilingis v Macy's*, 209 AD2d 742), medical advice to retire is not, as the Board apparently viewed it in this case, an essential element for a finding that a claimant's compensable injury played a role in the decision to retire. Thus, for example, in *Matter of Beehm v Educational Opportunity Ctr.* (272 AD2d 808) this Court sustained a Board finding of no voluntary withdrawal from the labor market, concluding that "[c]laimant's testimony and the medical evidence of her continuing pain despite ongoing medical treatment, including the March 1995 surgery, provide substantial evidence to support the Board's finding that claimant's decision to retire was prompted by her compensable injury" (*id.*, at 808). Inasmuch as the Board resolved the factual issue of whether claimant voluntarily withdrew from the labor market by focusing exclusively on the absence of medical advice to retire, a factor which we do not view as controlling in and of itself, the decision must be reversed and the matter remitted to the Board for a decision based upon all of the relevant evidence in the record.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.