■ In the Matter of the Claim of WALTER R. PETERMANN, Appellant, v CONSOLIDATED EDISON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 751] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 16, 2000, which ruled that claimant voluntarily withdrew from the labor market.

Three years after retiring at age 66 from his job as a supervisor, claimant filed a claim for workers' compensation benefits based upon work-related asbestosis. Noting claimant's testimony that his decision to retire was not based upon the advice of a doctor and given the absence of any medical evidence of claimant's incapacitation at the time he retired, the Workers' Compensation Board concluded that claimant voluntarily withdrew from the labor market. Claimant now appeals.

As the Board's decision is supported by substantial evidence, we affirm. In contrast to *Matter of Evans v Jewish Home & Hosp.* (289 AD2d 795), upon which claimant relies, the Board here did not resolve the factual issue of whether claimant voluntarily withdrew from the labor market by focusing exclusively upon the absence of medical advice to retire. Nor do we find any merit to claimant's argument that the Board placed undue emphasis upon the absence of medical evidence of incapacitation. The fact that claimant sought no medical treatment for his breathing difficulties until long after he had retired is entirely inconsistent with his present claim that such difficulties interfered with his ability to perform his job to the extent that they played a role in his decision to retire (*compare, Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808).

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.