■ In the Matter of the Claim of JOSEPH C. CURTIS, Appellant, v DALE PIPERY CORPORATION et al., Respondents. WORK-

ERS' COMPENSATION BOARD, Respondent. [743 NYS2d 906] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 29, 2000, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

From 1980 until late 1990 or early 1991, claimant worked as a steamfitter and his duties included, inter alia, removing asbestos insulation from old piping. He retired at the age of 62 and began collecting Social Security benefits. In late 1994, claimant was diagnosed with asbestosis prompting him to file a claim for workers' compensation benefits in July 1995. Following a hearing before a Workers' Compensation Law Judge, the case was established for notice, causation and occupational disease, and an award of benefits was made. Upon appeal, the Workers' Compensation Board reversed after concluding that claimant voluntarily removed himself from the labor market upon his retirement. Claimant appeals.

Initially, "[w]hether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Camarda v New York Tel.*, 262 AD2d 816, 816; *see, Matter of Gotthardt v Aide, Inc., Design Studios*, 291 AD2d 587, 588, *lv denied* 98 NY2d 605; *Matter of Sanders v Nyack Hosp.*, 277 AD2d 829, 830). Notably, the absence of evidence demonstrating that the disability played a role in the claimant's decision to retire will result in a finding by the Board that the claimant voluntarily withdrew from the labor market (*see, Matter of Evans v Jewish Home & Hosp.*, 289 AD2d 795, 796; *Matter of Parisi v Incorporated Vil. of Val. Stream*, 284 AD2d 841, 842; *Matter of Camarda v New York Tel.*, supra at 816). While evidence that a claimant received medical advice to retire is not essential to establishing that the claimant did not voluntarily withdraw from the labor market (*see, Matter of Evans v Jewish Home & Hosp.*, supra at 796), there must be some evidence that the "claimant's disability caused or contributed to retirement" (*Matter of Camarda v New York Tel.*, supra at 816; *see, Matter of Elwood v K-Mart Corp.*, 289 AD2d 794, 794).

In the case at bar, claimant retired approximately four years before being diagnosed with asbestosis at a customary retirement age. Although he testified that he stopped working because he "was starting to get tired" and "didn't have the same energy [he] used to have," he did not relate his decision to any particular symptoms associated with his subsequent diagnosis. Claimant's testimony is, in our view, insufficient to

establish the necessary causal link (*see, e.g., Matter of Parisi v Incorporated Vil. of Val. Stream, supra*; *Matter of Bahor v New York Tel. Co.*, 91 AD2d 756). Therefore, based upon our review of the record before us, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.