■ In the Matter of the Claim of BARBARA WEST, Appellant, v CONSOLIDATED EDISON et al., Respondents. WORKERS' COMPEN-SATION BOARD, Respondent. [752 NYS2d 132] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed September 11, 2001, which ruled that claimant voluntarily withdrew from the labor market and denied her claim for workers' compensation benefits.

Claimant was employed by Consolidated Edison in various capacities including those of custodian, mechanic and mailroom worker. After 24 years, she retired in December 1997 at the age of 62 without any indication to her employer that her retirement was due to a job-related disability. In February 2000, pulmonologist Ira Gould diagnosed claimant as suffering from several lung-related ailments including occupational asbestosis, a disease which Gould opined had been caused by claimant's exposure to asbestos during the years of her employment. The employer has conceded that claimant was exposed to asbestos on its premises. Following a hearing in May 2001 at which claimant testified that she stopped working because, among other things, she couldn't breathe, a Workers' Compensation Law Judge ruled that claimant withdrew from her employment because of the disability which was caused by her asbestosis and awarded workers' compensation benefits. The Workers' Compensation Board reversed that decision, finding that claimant voluntarily withdrew from the labor market.

Whether a claimant has voluntarily withdrawn from the labor market poses a factual question for the Board and its resolution thereof, if supported by substantial evidence, will not be disturbed (*see Matter of Camarda v New York Tel.*, 262 AD2d 816, 817). The record reveals that claimant's June 1997 job performance evaluation described the quantity and quality

of her work as "consistently above the standards" and "exceptionally high." At the time of her retirement, claimant did not indicate to her employer in September 1997 that she was unable to complete any of her job-related tasks and a review of the entire record supports the Board's finding that claimant "told the self-insured employer that she wanted to retire, and accepted the age-based retirement to which she was entitled." These facts provide substantial evidence supporting the Board's decision that claimant's disability did not contribute to her retirement and that she voluntarily withdrew from the labor market (*see Matter of Gowdey v Newburgh City School Dist.*, 261 AD2d 663).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.