■ In the Matter of Lonnie Singletary, Appellant, v Meloon Foundries et al., Respondents. Workers' Compensation Board, Respondent. [754 NYS2d 737] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 10, 2001, which, inter alia, ruled that claimant voluntarily withdrew from the labor market.

Claimant, a foundry molder, injured his shoulder and lower back at work on May 25, 1989. He filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that accident, notice and causal relationship were established for injury to claimant's lower back and left shoulder, and awarded him workers' compensation benefits. The claim was later amended to include injury to claimant's neck. Claimant underwent left shoulder surgery in January 1990 and returned to work in March 1990.

In January 1992, claimant retired from his position after nearly 40 years of service. The employer's workers' compensation carrier sought to have the prior award of benefits suspended subsequent to the date of claimant's retirement on the basis that he voluntarily removed himself from the labor market. Hearings on this issue, as well as whether claimant's alleged violation of Workers' Compensation Law § 114-a precluded him from receiving benefits, were thereafter held before a WCLJ. The WCLJ concluded, inter alia, that claimant did not voluntarily withdraw from the labor market or violate Workers' Compensation Law § 114-a. Subsequently, the Workers' Compensation Board reversed the WCLJ's decision and rescinded all awards made after claimant's retirement. This appeal ensued.

Turning first to the Board's finding that claimant voluntarily withdrew from the labor market, we note that this " 'is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of th[e] issue will not be disturbed' " (Matter of Curtis v Dale Pipery Corp., 295 AD2d 836, 837, quoting Matter of Camarda v New York Tel., 262 AD2d 816, 816). Significantly, "[a]n award of compensation is improper if the sole cause for a claimant's loss of earnings is his or her voluntary withdrawal from the labor market" (Matter of Coneys v New York City Dept. of Mental Health, 299 AD2d 602, 602). In order to justify such an award "there must be some evidence that the 'claimant's disability caused or contributed to retirement' " (Matter of Curtis v Dale Pipery Corp., supra at 837, quoting Matter of Camarda v New York Tel., supra at 816).

Here, conflicting evidence was presented concerning whether claimant's disability caused or contributed to his retirement. According to claimant, he decided to retire because he was disabled and could no longer perform the heavy lifting duties of his position. The employer's representative, however, testified that claimant told him he was retiring because he was going to be 63, eligible to collect Social Security benefits, had a janitorial business on the side and wanted to take it easy. While there is medical evidence in the record establishing that claimant continued to experience problems with his lower back, neck, shoulders, and left arm and hand in December 1991 and January 1992, his treating physician did not recommend that he cease work or retire. Thus, although there is some evidence to support the conclusion that claimant did not voluntarily withdraw from the labor market, substantial evidence supports the Board's contrary finding on this issue (*see Matter of Coneys v New York City Dept. of Mental Health, supra* at 602-603).

Likewise, the Board's finding that claimant violated Workers' Compensation Law § 114-a by making false statements concerning his employment-related activities following his retirement is also supported by substantial evidence in the record. Workers' Compensation Law § 114-a (1) provides that "a claimant [who] knowingly makes a false statement or representation as to a material fact * * * shall be disqualified from receiving any compensation directly attributable to such false statement or representation." In the case at hand, claimant testified that, following his retirement, he was no longer involved in the janitorial business he started and that it had been taken over by his son, who shared the same name. The employer's representative, however, stated that he personally observed claimant performing janitorial duties at the foundry after his retirement. The pastor of a local church testified that although claimant's son had taken over as sexton of the church following claimant's retirement, payments continued to be made directly to claimant. Furthermore, tax returns completed by claimant in 1998 through 2000 disclosed that he included therein schedules pertaining to the janitorial business. In our view, the foregoing provides substantial evidence supporting the Board's finding that claimant violated Workers' Compensation Law § 114-a by making false representations (*see Matter of Phelps v Phelps*, 277 AD2d 736, 739). We have considered claimant's remaining contention and find it to be without merit.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.