■ In the Matter of the Claim of CARLA BARBUTO, Appellant, v ALBANY COUNTY SHERIFF'S DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [755 NYS2d 761] —Spain, J. Appeals (1) from a decision of the Workers' Compensation Board, filed August 31, 2001, which ruled that claimant had voluntarily withdrawn from the labor market, and (2) from an amended decision of said Board, filed September 11, 2001, which reduced claimant's award of counsel fees.

In February 1998, after passing a civil service examination, claimant was appointed to the position of deputy sheriff with the employer. As part of her appointment and in order to obtain permanent status, claimant was required to complete training at the police academy. On April 30, 1998, while participating in a defensive tactics training exercise, claimant injured her neck. The employer filed a C-2 report of injury with respect to this incident. Thereafter, claimant was given a light duty assignment at the courthouse. She failed, however, to complete the physical training requirements at the academy. As a result, she was terminated on February 25, 1999, but her termination was subsequently rescinded and she was offered another light duty position as a telecommunications dispatcher. Claimant, however, declined this position and did not return to work. She was formally notified of her discharge on January 3, 2000.

In the meantime, various hearings were held on the workers' compensation claim. At the conclusion of these hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled, inter alia, that claimant sustained a work-related neck injury and awarded her benefits as well as counsel fees. The employer's carrier appealed to the Workers' Compensation Board contending that claimant had voluntarily withdrawn from the labor market by refusing the light duty assignment. The Board agreed, rescinded the WCLJ's award of benefits and reduced the award of counsel fees. These appeals ensued.

Claimant contends that the Board's decision finding that she had voluntarily withdrawn from the labor market is not supported by substantial evidence. Based upon our review of the record, we disagree. Initially, "[a]n award of compensation is

improper if the sole cause for a claimant's loss of earnings is his or her voluntary withdrawal from the labor market" (*Matter of Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 602 [2002]). "The question of whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is for the Board to resolve and, if supported by substantial evidence, its decision will not be disturbed" (*Matter of Peluso v Fairview Fire Dist.*, 269 AD2d 623, 623 [2000] [citation omitted]; *see Matter of Korczyk v City of Albany*, 264 AD2d 908, 909 [1999]). Significantly, in order to support a finding that a claimant did not voluntarily withdraw from the labor market, there must be some proof that the claimant's disability caused or contributed to his or her decision (*see Matter of Curtis v Dale Pipery Corp.*, 295 AD2d 836, 837 [2002]; *Matter of Camarda v New York Tel.*, 262 AD2d 816, 816 [1999]).

In the case at hand, claimant testified that she declined the position of telecommunications dispatcher because it was not a police function within her qualifications and her attorney advised her to do so. The physician who conducted an independent medical examination of claimant opined that although claimant was partially disabled, she was capable of performing light duty work, including the duties of a telecommunications dispatcher. Notably, the record is devoid of any medical proof establishing that claimant was not capable of performing such functions. Therefore, we find no basis to disturb the Board's finding of voluntary withdrawal. We have considered claimant's remaining contentions and find they are unavailing.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.