■ In the Matter of the Claim of Essie Thomas, Appellant, v Verizon New York, Inc., Respondent. Workers' Compensation Board, Respondent. [758 NYS2d 432] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 13, 2001, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant suffered compensable back, neck, elbow and knee injuries as the result of a May 1995 automobile accident. Claimant returned to part-time work six weeks later and resumed full-time work in July 1995. After her position was eliminated in December 1996, claimant was offered a choice between accepting a retirement incentive package or obtaining another position with the employer. Claimant accepted the retirement incentive package and retired effective December 19, 1996. Claimant later began part-time work for a different employer in August 1997. The Workers' Compensation Board denied her claim for benefits, ruling that claimant had voluntarily withdrawn from the labor market. Claimant now appeals.

Whether a claimant has voluntarily withdrawn from the labor market is a factual question for the Board, whose determination will not be disturbed if supported by substantial evidence in the record (see Matter of Coneys v New York City Dept. of Mental Health, 299 AD2d 602, 602-603 [2002]; Matter of Gotthardt v Aide Inc. Design Studios, 291 AD2d 587, 588 [2002], lv denied 98 NY2d 605 [2002]; Matter of Camarda v New York Tel., 262 AD2d 816, 816-817 [1999]). In this case, claimant testified that she elected to retire because she as-

sumed that the available, suitable positions with the employer would have required her to take public transportation, an option she felt was not workable due to her injuries. Claimant's testimony also reflects that she would have continued working full time had her position not been eliminated, that she had not fully explored other positions with the employer before deciding that retiring was her "best option" and that, following her retirement, she initially made only minimal efforts to find other employment. Further, the employer's medical expert opined that claimant was not disabled and, while not dispositive, claimant's testimony that she did not receive medical advice to retire lends further support to the Board's decision (*see Matter of Evans v Jewish Home & Hosp.*, 289 AD2d 795, 796 [2001]). Under these circumstances, we conclude that the Board's determination that claimant voluntarily withdrew from the labor market is amply supported by substantial evidence. Claimant's remaining contentions have been considered and found to be unavailing.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs.