■ In the Matter of the Claim of PHILIP MUNO, Appellant, v CONSOLIDATED EDISON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [760 NYS2d 575] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 2001, which ruled, inter alia, that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Over a 37-year period, claimant worked in the employer's plants in various capacities and was exposed to asbestos during this time. In March 1999, he filed a claim for workers' compensation benefits based upon his alleged contraction of asbestosis. He retired from his position as a maintenance supervisor on May 1, 1999 at the age of 60. Following various hearings, a Workers' Compensation Law Judge found that claimant had occupational asbestosis which rendered him permanently partially disabled and awarded him benefits. The Workers' Compensation Board, however, concluded that claimant voluntarily withdrew from the labor market when he left his employment on May 1, 1999 and rescinded the award. This appeal ensued.

"Whether a claimant has voluntarily withdrawn from the labor market poses a factual question for the Board and its resolution thereof, if supported by substantial evidence, will not be disturbed" (*Matter of West v Consolidated Edison*, 300 AD2d 900, 900 [2002] [citation omitted]; *see Matter of Singletary v Meloon Foundries*, 302 AD2d 652, 652 [2003]; *Matter of*

*Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 602-603 [2002]). In order to support a finding that a claimant did not voluntarily withdraw from the labor market, "there must be some evidence that the 'claimant's disability caused or contributed to retirement'" (*Matter of Curtis v Dale Pipery Corp.*, 295 AD2d 836, 837 [2002], quoting *Matter of Camarda v New York Tel.*, 262 AD2d 816, 816 [1999]). Evidence that the claimant received medical advice to retire is not essential to such a finding (*see Matter of Curtis v Dale Pipery Corp., supra* at 837).

In the instant case, there is an absence of evidence establishing that claimant suffered a disability which rendered him incapable of performing his job duties and that he retired for this reason. Claimant testified that he decided to retire because he was experiencing shortness of breath and his physician, Susan Daum, advised him that he should stay away from asbestos. He admitted, however, that she did not advise him to stop working. Notably, claimant retired before Daum even diagnosed him with asbestosis. Although she opined that he suffered a mild pulmonary disability, she did not state that this precluded him from performing the duties of a maintenance supervisor. Likewise, physician Carl Friedman concluded that claimant suffered a permanent, mild, partial disability attributable to minimal asbestosis, but did not indicate that this adversely impacted his ability to perform his job. Further, physician Dennis Schisano found absolutely no evidence that claimant suffered from asbestosis or a pulmonary disability. Contrary to claimant's assertion, we do not find that the Board erroneously relied upon the absence of medical advice to retire in reaching its decision as there is ample evidence in the record from which it could conclude that claimant did not suffer from a disability which contributed to his retirement (*see Matter of Petermann v Consolidated Edison*, 294 AD2d 723, 723 [2002]; *Matter of Gotthardt v Aide Inc., Design Studios*, 291 AD2d 587, 588 [2002], *lv denied* 98 NY2d 605 [2002]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.