■ In the Matter of the Claim of DAVID CLOHESY, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [760 NYS2d 784] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 2001, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant began working for the employer, a utility company, in 1961. Prior to resigning from his employment on December 1, 1999, he filed three claims for workers' compensation benefits. The first arose out of a motor vehicle accident in June 1979 while claimant was working as a field analyst. The case was established for injuries to claimant's back and neck and he was classified as permanently partially disabled. The second claim arose out of a motor vehicle accident in September 1993 while claimant was working as a senior analyst. This case was also established for injuries to claimant's back and neck. The third claim arose as a result of claimant's diagnosis in October 1997 of asbestosis while claimant was apparently working as a field inspector. The three claims were considered together in proceedings before a Workers' Compensation Law Judge (hereinafter WCLJ). The employer asserted, with respect to the second and third claims, that claimant was not entitled to benefits because he voluntarily withdrew from the labor market when he resigned from his employment. The WCLJ disagreed and continued the case with respect to these claims. The Workers' Compensation Board, however, reversed the WCLJ's decision, finding that claimant's change in work status was solely due to his voluntary retirement. Claimant's application for full Board review was denied and he now appeals.

Initially, it is well settled that "[w]hether a claimant has voluntarily withdrawn from the labor market is a factual question for the Board, whose determination will not be disturbed if supported by substantial evidence in the record" (*Matter of Thomas v Verizon N.Y.*, 304 AD2d 994, 994 [2003]; *see Matter of Milby v Consolidated Edison*, 304 AD2d 946, 947 [2003]). "An award of compensation is improper if the sole cause for a claimant's loss of earnings is his or her voluntary withdrawal

from the labor market" (*Matter of Coneys v New York City Dept. of Mental Health,* 299 AD2d 602, 602 [2002] [citation omitted]; *see Matter of Singletary v Meloon Foundries,* 302 AD2d 652 [2003]). Notably, "evidence that a claimant received medical advice to retire is not essential to establishing that the claimant did not voluntarily withdraw from the labor market" (*Matter of Curtis v Dale Pipery Corp.,* 295 AD2d 836, 837 [2002]; *see Matter of Evans v Jewish Home & Hosp.,* 289 AD2d 795, 796 [2001]). There must, however, "be some evidence that the 'claimant's disability caused or contributed to retirement'" (*Matter of Curtis v Dale Pipery Corp., supra* at 837, quoting *Matter of Camarda v New York Tel.,* 262 AD2d 816, 816 [1999]; *see Matter of Milby v Consolidated Edison, supra* at 947 ). In the case at hand, claimant's letter of resignation stated that he was leaving his job because of increased lower back and leg pain attributable to the September 1993 accident and also due to his asbestosis. He testified that he informed his employer that he was resigning because of severe back and leg pain associated with the September 1993 accident. He indicated that although he continued to work following this accident, he took substantial sick leave and received an unsatisfactory performance evaluation as a result. He further stated that while he received medical advice that his condition was worsening and he may have to retire, he was not specifically instructed to do so by a physician.

Although the record is devoid of medical evidence establishing that claimant was medically incapable of continuing to perform his duties, there is evidence that he received continuous treatment for his back and neck following the September 1993 accident. Significantly, the physician who was treating him for these problems noted in a May 1999 report that claimant's condition was worsening and may cause him to retire. Moreover, a physician who examined claimant with respect to asbestosis noted in a March 1999 report that claimant had a permanent moderate partial disability. Thus, it is evident that claimant had legitimate medical ailments which, according to claimant's testimony, interfered with the performance of his duties. No contradictory medical evidence was offered by the employer nor was there any proof that claimant retired for other reasons. Accordingly, the Board, in rendering its decision, seems to have placed undue emphasis on the lack of medical advice that claimant was incapable of performing his duties and should, therefore, retire (*see Matter of Evans v Jewish Home & Hosp., supra*). Consequently, we find that the Board's decision is not supported by substantial evidence and must be reversed.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.