◼ In the Matter of the Claim of DOROTHY GENNES, Appellant, v LONGWOOD CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 411]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed December 26, 2002, which ruled that claimant

voluntarily withdrew from the labor market and denied her claim for workers' compensation benefits.

Claimant sustained an injury to her back while working as an elementary school teacher in February 1999 and was awarded workers' compensation benefits. In January 1999, approximately one month prior to her injury, claimant had sent a letter to the employer stating, "I wish to retire from the Longwood Central School District effective 07/08/99, which is the date of my fifty fifth birthday, in order to receive the retirement incentive of 45% of base wages." The employer accepted claimant's offer and claimant, who has been unable to work since her accident, retired as planned on July 8, 1999 and began to receive a pension and Social Security benefits. Thereafter, the employer's workers' compensation carrier discontinued payment of workers' compensation benefits on the ground that claimant had voluntarily removed herself from the labor market. In support of her claim that she had never actually intended to retire, claimant testified at an ensuing hearing that prior to her accident, she had traveled to Las Vegas, Nevada and, after making inquiries, had received and accepted an informal offer for a temporary teaching position there. However, she was unable to recall the name of the school administrator she had spoken to or provide any other evidence to corroborate this claim. The Workers' Compensation Law Judge (hereinafter WCLJ) credited claimant's testimony and the uncontroverted medical evidence that she has been unable to work since her accident and found no voluntary withdrawal. The Workers' Compensation Board rescinded the WCLJ's decision after determining that the record required further development on this issue. At a second hearing, claimant testified, again without providing any corroborative evidence, that she had intended to continue working in Las Vegas. The Board reversed the WCLJ's finding of no voluntary withdrawal and rescinded all awards and fees awarded to claimant subsequent to July 8, 1999. Claimant appeals.

We affirm. "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741 [2001] [citation omitted]; *see Matter of Clohesy v Consolidated Edison Co. of N.Y.*, 306 AD2d 657, 657 [2003]). We find that claimant's preaccident letter to her employer notifying it of her intention to discontinue her employment in favor of receiving a pension and other financial incentives provides substantial evidence in support of the Board's determination that claimant's

injury played no role in her decision to retire (*see Matter of Curtis v Dale Pipery Corp.*, 295 AD2d 836, 837 [2002]; *Matter of Amicola v New York Tel. Co.*, 294 AD2d 621, 622 [2002], *lv dismissed* 98 NY2d 764 [2002]; *Matter of Gotthardt v Aide, Inc., Design Studios*, 291 AD2d 587, 588 [2002], *lv denied* 98 NY2d 605 [2002]). As the "sole and final arbiter of whether the testimony of a particular witness is worthy of belief" (*Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675 [1993]), the Board was entitled to reject claimant's version of events in favor of the contrary documentary evidence before it, especially in light of claimant's failure to provide any confirmatory proof of her alleged job search (*see Matter of Singletary v Meloon Foundries*, 302 AD2d 652, 653 [2003]; *Matter of Baumgarten v New York State Banking Dept.*, *supra* at 741-742). As substantial evidence supports the Board's decision, it is affirmed.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.