■ In the Matter of the Claim of THOMAS O'SHEA, Appellant, v INITIAL CLEANING SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [781 NYS2d 792]—

Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed November 13, 2001, which, inter alia, ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed September 3, 2002, which denied claimant's application for reconsideration and/or full Board review.

Claimant was employed as a carpet cleaner for over 19 years during which time he was exposed to a variety of chemicals. In 1997, after experiencing lung problems for which he underwent surgery, he was advised by a physician to stop working with chemicals. After this physician provided the employer with a letter, claimant was reassigned to cleaning marble floors, but this job caused him to be exposed to ammonia. On May 4, 1998, claimant was terminated for failing to report for work without calling the employer in advance. He has not worked since that time. On October 28, 1998, he filed a claim for workers' compensation benefits for occupational disease stemming from his exposure to cleaning solvents at work. The employer controverted the claim and various hearings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ). The WCLJ awarded claimant workers' compensation benefits, concluding that he suffered from chronic obstructive lung disease attributable to his exposure to cleaning solvents at work and was permanently partially disabled as a result. The Workers' Compensation Board, however, modified the WCLJ's decision and found that claimant was not entitled to benefits because he voluntarily withdrew from the labor market. Claimant's application for reconsideration and/or full Board review was denied. These appeals ensued.

While the issue of whether a claimant has voluntarily withdrawn from the labor market is a factual one for the Board to resolve, the Board's decision must be supported by substantial evidence in the record (*see Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d 1032, 1032 [2003]; *Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741 [2001]). The Board's application of the principle that "a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (*Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704, 705 [2003]; *see Matter of Muno v Consolidated Edison*, 305 AD2d 885, 886 [2003]) is misplaced, as there is no evidence that claimant decided to retire or voluntarily withdraw from his position. The Board acknowledges that he was terminated, instead. Although claimant did not work after his termination, he testified that he would have continued working for the employer if he had not been discharged. There is no evidence that he refused a light-duty assignment appropriately tailored to his disability restrictions (*cf. Matter of Barbuto v Albany County Sheriff's Dept.*, 303 AD2d 798 [2003]; *Matter of Serwetnyk v USAir, Inc.*, 249 AD2d 631 [1998]). Nor is there any evidence presented concerning job duties which were suitable for claimant, although both physicians agreed that he was disabled as a result of his occupational exposure to chemicals. Thus, the Board's finding that claimant could perform some work duties is also erroneous. Moreover, the Board placed undue emphasis on the lack of medical advice prompting claimant to cease working which, under the circumstances presented, was also error (*see Matter of Clohesy v Consolidated Edison Co. of N.Y.*, 306 AD2d 657, 658 [2003], *lv dismissed* 100 NY2d 639 [2003]). Insofar as the Board's finding that claimant voluntarily withdrew from the labor market is not supported by substantial evidence, its decisions must be reversed.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.