■ In the Matter of the Claim of ANTHONY LOMBARDO, Respondent, v OTSEGO COUNTY EMPLOYEES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [4 NYS3d 319]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 20, 2013, which ruled that claimant's removal from the labor market was involuntary.

In June 2004, after working for the employer for 32 years, claimant filed his retirement papers, with an effective date of

July 30, 2004. Claimant continued to work full duty until July 8, 2004, when he sustained work-related injuries to his head, shoulders and back, which rendered him disabled for the duration of his employment. Workers' compensation awards were paid from the date of injury until the date of retirement and were held in abeyance thereafter. The claim was reopened in September 2011, at which time claimant alleged that he was entitled to awards subsequent to the effective retirement date. The employer and its third-party administrator controverted the claim, contending that claimant's retirement constituted a voluntary withdrawal from the labor market. Following a hearing, a Workers' Compensation Law Judge determined, among other things, that as a result of claimant's causally-related disability resulting from his work-related injury, claimant did not voluntarily withdraw from the labor market, and established the claim awarding benefits subsequent to the effective retirement date. The Workers' Compensation Board affirmed that determination, giving rise to this appeal.

We reverse. "Generally, a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (*Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704, 705 [2003] [citation omitted]; *see Matter of Flannery v Nassau County Police Dept.*, 26 AD3d 678, 680 [2006]; *Matter of Bury v Great Neck UFSD*, 14 AD3d 786, 787 [2005]; *Matter of Camarda v New York Tel.*, 262 AD2d 816, 816 [1999]). Whether a voluntary withdrawal has occurred "is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial evidence" (*Matter of Ballou v Southworth-Milton, Inc.*, 107 AD3d 1084, 1085 [2013]; *see Matter of Flannery v Nassau County Police Dept.*, 26 AD3d at 678; *Matter of Bury v Great Neck UFSD*, 14 AD3d at 787; *Matter of Gennes v Longwood Cent. School Dist.*, 2 AD3d 1015, 1016 [2003]). There must, however, "be some evidence that the claimant's disability caused or contributed to retirement" (*Matter of Curtis v Dale Pipery Corp.*, 295 AD2d 836, 837 [2002] [internal quotation marks and citation omitted]; *see Matter of Camarda v New York Tel.*, 262 AD2d at 816; *Employer: Corning Inc.*, 2014 WL 2726554, *5, 2014 NY Wrk Comp LEXIS 3836, *14 [WCB No. G015 9086, June 16, 2014]).

At the hearing, claimant testified that he decided to retire prior to the happening of the accident due to personal issues he had with his supervisors and did so with full benefits based upon his 32 years of service. Noticeably absent from claimant's

testimony is any assertion that his injuries were a contributing factor in his decision to retire (*see Matter of Gennes v Longwood Cent. School Dist.*, 2 AD3d at 1016). In fact, claimant admitted that he voluntarily retired for reasons unrelated to his claim for compensation, but asserted that, inasmuch as his medical conditions worsened after retirement, his withdrawal from the labor market was involuntary. Notwithstanding the permanent and total nature of claimant's disability, there is no evidence in the record that claimant, who was 66 years old at the time he retired, had intended to remain attached to the labor market post-retirement. Thus, claimant's decision to remove himself from the labor market was unrelated to his disability, and the record is devoid of any proof that claimant suffered post-retirement loss of wages as a result of his disability (*see Matter of Bacci v Staten Is. Univ. Hosp.*, 32 AD3d 582, 584 [2006]; *see also Employer: Paramount Ins. Co.*, 1999 NY Wrk Comp LEXIS 275, *6 [WCB No. 0953 4242, Dec. 30, 1999]). Accordingly, the Board's finding that claimant involuntarily withdrew from the labor market is not supported by substantial evidence.

Lahtinen, J.P., Lynch and Devine, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.