■ In the Matter of the Claim of PAUL SCHUSTER, Appellant, v. HYMAN TAUBMAN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by claimant from a decision of the Workmen's Compensation Board which denied compensation benefits to the claimant. The claimant was employed as a baker, and was exposed to flour dust and other baking materials. On February 4, 1964 he filed a notice of claim with the Workmen's Compensation Board wherein he contended that, as a result of his exposure to these materials, he suffered occupational disease, baker's asthma. He received an award for the period from February 2, 1964 to March 16, 1964, and the case was continued. He worked steadily without any loss of time from March 16, 1964 until July 9, 1964. In July, 1964 the claimant stopped working as a baker allegedly by reason of his occupational asthma, and asserts that thereafter he unsuccessfully attempted to obtain work as a watchman. The record indicates that on July 29, 1963, the claimant requested application forms for retirement from the Bakers International Pension Fund. On July 10, 1964 he completed the forms and made application for his union pension. He also applied for social security benefits, and commenced receiving such benefits on September 1, 1964. In November, 1964 he began receiving his union pension payments retroactive to September, 1964. The employer and carrier respondents contend that the claimant's withdrawal from the labor market was voluntary and not as a result of the alleged occupational disease. The Workmen's Compensation Board determined that the claimant's loss of earnings after July 10, 1964 was not due to the occupational disease, but due to his voluntary retirement from the labor market. Upon this record, there was substantial evidence to sustain the finding of the board. The fact that a " claimant retires or is laid off from his job does not preclude an award where there is a subsequent loss of wage-earning capacity which is due to claimant's disability rather than to old age, general economic conditions or other factors unconnected with his disability" (Matter of O'Connell v. New York State Workmen's Compensation Bd., 14 A D 2d 945, 946, mot. for lv. to app. den. 11 N Y 2d 641) but "if the reduced earnings are caused solely by claimant's old age, the general economic conditions of the community, or any such causative factor other than his disability, claimant is not entitled to an award" (Matter of Fromm v. Rochester Tel. Corp., 22 A D 2d 728). The form of the board's decision leaves something to be desired but we conclude that the board accepted carrier's allergist's finding of no disability and

698

that by finding that claimant's loss of earnings was due to his voluntary retirement from the labor market the board intended to exclude occupational disease as even a contributing factor. The claimant, having voluntarily withdrawn from the labor market, he is not entitled to an award. (*Matter of Fromm* v. *Rochester Tel. Corp., supra; Matter of Roberts* v. *General Elec. Co.*, 6 A D 2d 43.) Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.