■ In the Matter of the Claim of JAMES GOTTHARDT, Appellant, v AIDE, INC., DESIGN STUDIOS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [737 NYS2d 175] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 2, 2000, which ruled that claimant had voluntarily withdrawn from the labor market and denied his claim for workers' compensation benefits.

Claimant, who worked for a number of employers as a heavy equipment operator for many years, last worked in 1993 when he performed a two-day job for the employer. Following completion of that job, he received unemployment insurance benefits and, that same year, began receiving Social Security benefits and union pension benefits, neither of which was based on any disability. In 1995, he filed a claim for workers' compensation benefits based upon reduced earnings caused by an occupational lung disease in the form of silicosis from his long-term, work-related exposure to dust. The Workers' Compensation Board ultimately ruled that claimant voluntarily withdrew from the labor market when he retired in 1993 and, therefore, denied his claim. Claimant appeals.

Generally, a claimant whose retirement constitutes a voluntary withdrawal from the labor market is not entitled to an

award of benefits for a disability caused by an occupational disease (*see, Matter of Schuster v Taubman*, 29 AD2d 697), but if claimant's occupational disease contributed to his decision to retire, he would be entitled to benefits (*see, Matter of Fletcher v Weil Chevrolet Corp.*, 135 AD2d 964). We see no reason to adopt claimant's argument that the voluntary withdrawal analysis is inapplicable where, as here, the date of disablement is subsequent to the retirement. As claimant concedes, *Matter of Rogala v Deere Plow Co.* (31 AD2d 867), upon which he relies, is based upon language in Workers' Compensation Law § 44-a that was deleted when the statute was amended, and we do not read *Matter of Caruso v General Elec. Co.* (228 AD2d 724), which was decided on "the facts of the case at hand" (*id.* at 724), as precluding application of the voluntary withdrawal analysis in this case.

"Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed * * *" (*Matter of Camarda v New York Tel.*, 262 AD2d 816, 816 [citation omitted]). Claimant testified that, when his job with the employer ended in 1993, he was ready, willing and able to work, and he so certified when he applied for unemployment insurance benefits. This evidence, and the fact that claimant sought Social Security benefits and union pension benefits, support the conclusion that claimant's decision to stop working was motivated solely by economic factors unrelated to any medical condition (*see, Matter of Parisi v Incorporated Vil. of Val. Stream*, 284 AD2d 841; *Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741). Although claimant also testified that breathing problems contributed to his decision not to return to the work he had been performing, there is no evidence that he sought medical treatment for breathing problems until the year after he retired. In view of the Board's broad authority to resolve factual issues based upon the credibility of witnesses (*see, Matter of Marshall v Murnane Assoc.*, 267 AD2d 639, *lv denied* 94 NY2d 762), there is no basis to disturb the Board's decision despite the existence of evidence which might support a contrary result.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.