■ In the Matter of the Claim of LEONARD AMICOLA, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 329] —Lahtinen, J. Appeals (1) from a decision of the Workers' Compensation Board, filed October 21, 1999, which ruled that claimant voluntarily withdrew from the labor market, (2) from a decision of said Board, dated August 18, 2000, which denied claimant's application for full Board review, and (3) from a decision of said Board, dated August 30, 2001, which denied claimant's application to reopen and reconsider its prior position.

On December 14, 1992, claimant, an employee of New York Telephone (hereinafter the employer), slipped and fell on ice in the employer's parking lot, suffering a low back injury. In February 1993, claimant had disc repair surgery which kept him out of work until September 1993, when he returned to light duty which consisted of working half days where he admittedly "made coffee for people * * * and * * * did absolutely nothing."

On May 9, 1994, claimant applied for retirement under an early retirement incentive program offered by the employer, which calculated retirement benefits by adding six years to an employee's age and length of service. Claimant's application was granted on June 7, 1994 with his last day of work to be June 17, 1994. After he applied for the early retirement incentive program and while his application was pending, claimant sought further treatment from his physician because of increased back pain. Because of his work-related injury, claimant's physician directed that he stop working on May 31, 1994. On June 3, 1994, claimant was examined by the employer's physician who concurred that claimant's work-related disability prevented his return to work.

At a subsequent workers' compensation hearing, the employer raised the issue of claimant's voluntary withdrawal

from the labor market as a result of his early retirement. After hearing claimant's testimony on this issue, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had not voluntarily withdrawn from the labor market and continued his case. The employer appealed and, by decision filed October 21, 1999, a panel of the Workers' Compensation Board reversed the WCLJ, finding that claimant voluntarily withdrew from the labor market. Claimant's subsequent applications for full Board review and to reopen and reconsider the October 1999 decision were denied. Claimant's timely appeals from the October 1999 decision and subsequent denials for full Board review were consolidated by order of this Court.

We find that the record contains substantial evidence to support the Board's determinations and reject claimant's contention to the contrary. Claimant testified that he applied for retirement because he was unable to do his job because of his back pain and would not have applied for the retirement incentive package absent his injury. However, he conceded that he volunteered to take the retirement incentive package[1] and that at the time he applied for retirement, he could have continued working.[2] Moreover, claimant acknowledged that he would receive a substantially higher monthly retirement benefit by taking advantage of the retirement incentive package, which clearly establishes a financial incentive for him to apply for early retirement. Claimant's further contention that he was lured into accepting the retirement incentive program as he believed that he could continue to receive workers' compensation benefits is unavailing as the benefits summary booklet outlining the retirement incentive program states, "If you are receiving Workers' Compensation payments, they will continue for as long as the Workers' Compensation Board determines you are eligible." Consequently, we find that the Board's determination that claimant elected to retire, thereby voluntarily withdrawing from the labor market (*see, Matter of Gotthardt v Aide Design Studios*, 291 AD2d 587, 588), is supported by substantial evidence (*see, Matter of Parisi v Incorporated Vil. of Val. Stream*, 284 AD2d 841; *Matter of Camarda v New York Tel. Co.*, 262 AD2d 816; *Matter of La Rosa v IBM Corp.*, 256 AD2d 670), despite the existence of record evidence which could

1. One of the forms that claimant signed as part of his application for retirement was entitled "Election to Volunteer" and he checked the place on that form which stated, "I volunteer to retire from [the employer] under Special Incentive 6 & 6 Pension offer."

2. Notably, claimant did not see his treating physician who put him out of work until 18 days after he submitted his retirement application.

support a contrary result (see, Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer, 272 AD2d 808).

We have reviewed claimant's remaining arguments and find them without merit.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.