■ In the Matter of the Claim of DOROTHY CONEYS, Appellant, v NEW YORK CITY DEPARTMENT OF MENTAL HEALTH et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [750 NYS2d 180] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 31, 2001, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant, who was then 60 years of age, suffered a compensable injury when she fell at her place of employment in April 1992. On June 3, 1994, at age 62½, claimant accepted an early retirement incentive. A Workers' Compensation Law Judge determined that claimant did not voluntarily withdraw from the labor market, finding that her retirement was due to her injuries, and awarded benefits retroactive to claimant's date of retirement. The Workers' Compensation Board rescinded this decision and, after new hearings, determined that claimant voluntarily withdrew from the labor market by accepting an early retirement severance package, having not received medical advice to retire. Following denial of claimant's request for full Board review, this appeal ensued.

An award of compensation is improper if the sole cause for a claimant's loss of earnings is his or her voluntary withdrawal from the labor market (*see Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014). Whether or not a claimant has

voluntarily withdrawn from the labor market is a factual issue, and the Board's resolution of it will not be disturbed if supported by substantial evidence (*see Matter of Gotthardt v Aide, Inc. Design Studios*, 291 AD2d 587, 588, *lv denied* 98 NY2d 605; *Matter of Evans v Jewish Home & Hosp.*, 289 AD2d 795, 796; *Matter of Camarda v New York Tel.*, 262 AD2d 816), "despite the existence of record evidence which could support a contrary result" (*Matter of Amicola v New York Tel.*, 294 AD2d 621, 622-623; *Matter of Gotthardt v Aide, Inc. Design Studios*, *supra* at 588). Here, despite the existence of evidence to the contrary, substantial evidence supports the Board's decision. Claimant, except for approximately four weeks, worked continuously from the date of her 1992 injury until her retirement in 1994. Her medical providers testified that her condition did not worsen during this period of time. Further, contrary to claimant's experts, the employer's medical expert's report concludes that claimant was not disabled and needed no ongoing medical treatment as a result of her fall.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.