■ In the Matter of the Claim of EDWIN MILBY JR., Appellant, v CONSOLIDATED EDISON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 422] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2002, which ruled that claimant had voluntarily withdrawn from the labor market and denied his claim for workers' compensation benefits.

Claimant began working for the employer in July 1962. For 10 years, he worked as a laborer and then as a production operator at a power generating plant where he was exposed to asbestos-containing pipe coverings as well as coal dust and fly

ash. Thereafter, he worked as a mechanic in the maintenance shop where he continued to be exposed to asbestos in the pipe coverings and on the boiler. In July 1996, the results of the employer's annual health examination revealed that claimant had pleural thickening and scarring in his lungs and performed below average on pulmonary function tests. In September 1997, he was diagnosed with pulmonary asbestosis and asbestos-related pleural disease which was causally related to his work environment. He pursued a workers' compensation claim for occupational exposure to asbestos, which he had previously filed in March 1997, and retired from his position November 31, 1997.

Following various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for occupational disease, notice and causal relationship, and made various awards. The WCLJ further concluded that claimant did not voluntarily withdraw from the labor market when he retired. The Workers' Compensation Board, however, found that claimant voluntarily withdrew from the labor market and reversed the WCLJ's awards. Claimant appeals.

"Whether or not a claimant has voluntarily withdrawn from the labor market is a factual issue, and the Board's resolution of it will not be disturbed if supported by substantial evidence" (*Matter of Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 602-603 [2002] [citations omitted]; *see Matter of Curtis v Dale Pipery Corp.*, 295 AD2d 836, 837 [2002]). "A withdrawal from the labor market 'is not voluntary when there is evidence that a claimant's disability caused or contributed to retirement'" (*Matter of Elwood v K-Mart Corp.*, 289 AD2d 794, 794 [2001], quoting *Matter of Camarda v New York Tel.*, 262 AD2d 816, 816 [1999]), even if that disability is due to an occupational disease (*see Matter of Gotthardt v Aide, Inc., Design Studios*, 291 AD2d 587, 588 [2002], *lv denied* 98 NY2d 605 [2002]).

At this juncture, the parties are not disputing that, prior to his retirement, claimant suffered some impairment to his lungs likely related to exposure to asbestos. At issue instead is whether claimant's disability was a motivating factor in his decision to retire. Claimant testified at the hearing that he retired because he found it harder to come into work every day in that he was experiencing shortness of breath and fatigue, and because his doctor told him that he should get a different job where he would not be exposed to dust. Claimant's treating physician likewise testified that he advised claimant that he "should not return to the work that he had been doing formally

[*sic*]"—where he was exposed to asbestos—and "should avoid all pulmonary offending agents creating conditions such as public transportation, inclement weather, and extremes of temperature and humidity."

The Board acknowledged this testimony but, noting that claimant was not advised to cease working altogether and did not seek an alternative position with his employer or elsewhere following his retirement, nevertheless found that claimant's disability was not a factor in his decision to retire. " '[D]espite the existence of * * * evidence which could support a contrary result,' " we uphold the Board's decision as it is supported by substantial record evidence (*Matter of Coneys v New York City Dept. of Mental Health, supra* at 603, quoting *Matter of Amicola v New York Tel. Co.*, 294 AD2d 621, 622-623 [2002], *lv dismissed* 98 NY2d 764 [2002]). Notably, claimant had over 35 years of service when he retired, did not allege any significant loss of time related to his disability, did not apply for disability-related retirement and apparently made no effort to continue his employment in an alternative position which would not expose him to asbestos or other pulmonary offending agents (*see Matter of Capezzuti v Glens Falls Hosp.*, 282 AD2d 808, 810 [2001]; *Matter of Sansone v Maislin Transp.*, 72 AD2d 644, 644 [1979]). Accordingly, we will not disturb the Board's factual determination that claimant voluntarily withdrew from the labor market (*see Matter of Coneys v New York City Dept. of Mental Health, supra* at 602-603; *Matter of Curtis v Dale Pipery Corp., supra* at 837-838; *Matter of Gotthardt v Aide, Inc., Design Studios, supra* at 588; *Matter of Pikcilingis v Macy's*, 209 AD2d 742, 743 [1994]; *Matter of Bahor v New York Tel. Co.*, 91 AD2d 756, 756 [1982]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs.