■ In the Matter of the Claim of John M. Braswell, Appellant, v New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent. [760 NYS2d 695] —Lahtinen, J. Appeals (1) from a decision of the Workers'

Compensation Board, filed October 3, 2001, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed August 14, 2002, which denied claimant's application for full Board review and/or reconsideration.

Claimant's job responsibilities as an inspector with the New York City Transit Authority (hereinafter the employer) included allowing individuals involved in asbestos removal into various facilities of the employer and, at times, to remain in the general vicinity while they worked. He engaged in this task several times a month from 1990 to 1996. In 1996, his family physician noted an irregularity in his lungs, and a subsequent CT scan revealed evidence of asbestos exposure. In September 1997, claimant filed for workers' compensation benefits. A May 1998 report of a consulting physician opined that, although claimant showed evidence of asbestos exposure, he was not disabled. Thereafter, claimant retired from his job, effective in January 1999, with 25 years of service. During a subsequent hearing, an issue was raised whether claimant had voluntarily withdrawn from the labor market by retiring. A Workers' Compensation Law Judge determined that he had not voluntarily withdrawn, but the Workers' Compensation Board reversed that determination. Claimant appeals.

The Board's determination that a claimant voluntarily withdrew from the labor market is factual in nature and must be upheld if supported by substantial evidence, even if evidence exists in the record that could support a contrary conclusion (*see Matter of Amicola v New York Tel. Co.*, 294 AD2d 621, 622-623 [2002], *lv dismissed* 98 NY2d 764 [2002]; *Matter of Gotthardt v Aide, Inc., Design Studios*, 291 AD2d 587, 588 [2002], *lv denied* 98 NY2d 605 [2002]). Here, although claimant stated that he could not keep up with his coworkers because of shortness of breath and he had received verbal complaints about such fact, he acknowledged that one doctor placed no limit on his work activity and he did not inform anyone at the employer that his decision to retire was influenced by his health. He continued working until he had 25 years of service and he did not apply for disability-related retirement but, instead, filed for regular retirement (*see Matter of Milby v Consolidated Edison*, 304 AD2d 946 [2003]). While there is evidence supporting a result contrary to the one reached by the Board, the record contains substantial evidence supporting the Board's determination that claimant's condition did not contribute to his decision to retire (*see Matter of West v Consoli-*

*dated Edison*, 300 AD2d 900 [2002]; *Matter of Gotthardt v Aide, Inc., Design Studies, supra).*

Claimant's remaining arguments have been considered and found meritless (*see Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704 [2003]). Finally, claimant's appeal from the Board's decision denying claimant's request for reconsideration or full Board review is deemed abandoned as he has failed to raise any issues with respect thereto in his brief (*see Matter of Drakes v Bank Julius Baer & Co.*, 301 AD2d 799, 800 n [2003]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.