■ In the Matter of the Claim of ANDREW DE SIMONE, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [766 NYS2d 156] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 6, 2002, which ruled that claimant did not voluntarily withdraw from the labor market.

Claimant was exposed to asbestos during a majority of his 33-year career with the employer. In the course of a medical evaluation conducted by the employer in 1996, he was diagnosed with an asbestos-related disability. By July 2000, claimant had been diagnosed as suffering from a severe, permanent disability resulting from occupational pulmonary asbestos and asbestos-related pleural disease. Claimant continued to work until May 2001, when he retired at age 55, informing the employer in writing that his asbestos-related disability made it physically impossible for him to continue. The employer objected to claimant's eligibility for postretirement benefits on the ground that he had voluntarily withdrawn from the labor market. Following an administrative hearing, a Workers' Compensation Law Judge issued a determination, finding that there was a causal connection between claimant's disability and his decision to retire, awarding him benefits. The Workers' Compensation Board affirmed the ruling, prompting this appeal.

The Board's factual determination as to whether a claimant has voluntarily withdrawn from the labor market will be upheld if supported by substantial evidence (see Matter of Braswell v New York City Tr. Auth., 306 AD2d 709 [2003]; Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer,

---

* Petitioner was also charged with, but found not guilty of, smuggling and destroying state property.

272 AD2d 808 [2000]). A withdrawal is not voluntary if a claimant's disability caused or contributed to the decision to retire (*see Matter of Elwood v K-Mart Corp.,* 289 AD2d 794 [2001]).

Here, the record includes claimant's testimony regarding his increasing inability to perform his job-related duties due to shortness of breath and the testimony of claimant's examining physician who stated that claimant is permanently disabled by severe asbestos-related pleural disease, a condition that caused him to advise claimant in June 2000 to resign from his employment. Although expert medical opinion was presented that might support a contrary conclusion, there is substantial evidence to support the Board's decision that claimant's retirement was not a voluntary withdrawal from the labor market (*see Matter of Lombardo v Ford Motor Co.,* 289 AD2d 735 [2001]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.