■ In the Matter of the Claim of LOUIS RESTO, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 842]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 13, 2003, which ruled that claimant had voluntarily withdrawn from the labor market.

The factual finding by the Workers' Compensation Board that claimant, formerly employed as a caretaker for the New York City Housing Authority, voluntarily withdrew from the labor market by retiring is supported by substantial evidence (*see Matter of Yannucci v Consolidated Freightways,* 6 AD3d 945, 946 [2004]). Although claimant suffered from a 1988 work-related injury to his ankle for which he received benefits, the record supports the Board's finding that his 1994 retirement at the age of 55 with 27 years of service was unrelated to this injury. Specifically, claimant continued to work for five years after his injury (*see Matter of Lombardi v Brooklyn Union Gas Co.,* 306 AD2d 704, 705 [2003]), never filed for disability-related retirement (*see id.; Matter of Milby v Consolidated Edison,* 304 AD2d 946, 948 [2003]) and was never medically advised to retire because of his injury (*see Matter of Lombardi v Brooklyn Union Gas Co., supra; Matter of Pikcilingis v Macy's,* 209 AD2d 742,

743 [1994]). Additionally, there is little evidence suggesting that the injury worsened over time to the extent that it caused him to retire (*see Matter of Coneys v New York City Dept. of Mental Health,* 299 AD2d 602, 603 [2002]). Thus, despite some evidence suggesting that claimant's injury may have contributed to his decision to retire, the Board's contrary factual determination must nevertheless be upheld (*see Matter of Yannucci v Consolidated Freightways, supra; Matter of Coneys v New York City Dept. of Mental Health, supra*).

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.