In the Matter of the Claim of FRANK BURY, Appellant, v GREAT NECK UFSD, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 864]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed May 4, 2004, which ruled that claimant voluntarily left the labor market and is not entitled to benefits after July 14, 2000.

Claimant, an assistant head custodian, suffered a work-related back injury in May 1999. He returned to work after his injury, filed a claim for workers' compensation benefits and retired on July 14, 2000. When the employer raised the issue, among others, of claimant's voluntary retirement, the Worker's Compensation Law Judge ruled that claimant had not voluntarily left the labor market and he was entitled to receive workers' compensation benefits before and after the date of his retirement. The Workers' Compensation Board modified this decision, finding that claimant voluntarily withdrew from the labor market when he retired and was not entitled to benefits after July 14, 2000. Claimant now appeals.

We affirm. Whether a claimant has voluntarily withdrawn from the labor market by retiring is a factual issue for the Board to resolve, and its determination must be upheld if supported by substantial evidence (*see Matter of Yannucci v Consolidated Freightways,* 6 AD3d 945, 946 [2004]). As a general rule, a withdrawal is not voluntary when there is evidence that the claimant's "disability caused or contributed to the retirement" (*Matter of Lombardi v Brooklyn Union Gas Co.,* 306 AD2d 704, 705 [2003]; *see Matter of Johnson v New York State Off. of Mental Retardation & Dev.,* 12 AD3d 748, 749-750 [2004]). Claimant testified that he returned to work after his injury and initially was able to perform his regular duties. However, he also testified that he stopped working by July 2000 because he had difficulty performing his regular duties. He further stated that despite his physician's recommendation, the employer did not put him on light-duty work. He testified that he was 62 years of age with 22½ years of service and he would have received an enhanced pension if he remained employed. On cross-examination, he conceded that he informed the employer that he was retiring due to his compensable back injury only after speaking with his attorney. Claimant's supervisor acknowledged that claimant's job consisted of heavy work and he conceded that there was not a light-duty position available, but stated that claimant did not make any specific complaints that he was unable to perform his regular duties and never requested that he be placed on light-duty work.

A review of the medical evidence indicates that claimant's treating physicians filed various medical reports from June 1999 through June 2000 indicating that claimant was working and was not disabled from his regular duties. Although a medical report submitted by Lauren Stimler-Levy, a physician who examined claimant in April and May 2000, states that claimant was unable to perform his regular duties and he had difficulty with lifting and bending at work, the report does not state that claimant was advised to retire. In light of the fact that the record fails to contain any evidence in support of claimant's assertion that he retired on the advice of his physician, we find that substantial evidence supports the Board's decision and we decline to disturb it (*see Matter of Pikcilingis v Macy's,* 209 AD2d 742 [1994]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.