In the Matter of the Claim of LAWRENCE J. TRANK, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [792 NYS2d 733]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 30, 2003, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant, a 41-year employee at the time of his retirement on December 1, 2001, held the position of Mechanic A for approximately the last 30 years of his employment. In 1995, claimant was diagnosed with lung conditions resulting from occupational exposure to asbestos, dust and smoke. In 2002, a Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's workers' compensation claim as the result of occupational disease, classified claimant as permanently partially disabled and awarded disability payments for reduced earnings. The Workers' Compensation Board, on review pursuant to the employer's request, modified the WCLJ's decision by rescinding the compensation award finding that claimant had voluntarily left the labor market by virtue of his retirement on December 1, 2001. Claimant now appeals.

We affirm. "Whether a claimant has voluntarily withdrawn from the labor market by retiring is a factual issue for the Board to resolve, and its determination must be upheld if supported by substantial evidence" (*Matter of Bury v Great Neck UFSD*, 14 AD3d 786, 787 [2005] [citation omitted]; *see Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d 1032, 1032 [2003]; *Matter of Muno v Consolidated Edison*, 305 AD2d 885, 885 [2003]). Retirement is not considered voluntary if an existing disability precipitated or contributed to the retirement decision (*see Matter of De Simone v Consolidated Edison Co. of N.Y.*, *supra* at 1033; *Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704, 705 [2003]; *Matter of Milby v Consolidated Edison*, 304 AD2d 946, 947 [2003]).

Our review of the record reveals that while there is some evidence to the contrary, most of claimant's testimony lends little

support to the conclusion that his decision to retire was prompted in any way by his disability. He testified that he worked continuously performing the same duties from his initial diagnosis in 1995 until the date of his retirement, although he could not perform his duties as quickly or easily. Further, claimant's testimony established that he did not complain to his supervisor, did not request assignment to a light duty position, did not take any substantial amount of sick time during the years following the initial diagnosis and did not apply for disability retirement. Although the medical evidence in the record establishes that claimant should not be exposed to asbestos, irritants or dust as a result of his disabling lung condition, he received no medical advice to retire (*see Matter of Muno v Consolidated Edison, supra* at 886; *Matter of Evans v Jewish Home & Hosp.*, 289 AD2d 795, 796 [2001]). Given the foregoing evidence, it is manifest that the Board's determination that claimant voluntarily withdrew from the labor market is supported by substantial evidence (*see Matter of Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 603 [2002]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.