■ In the Matter of the Claim of ROBERT E. PRICE, Appellant, v HUDSON CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [806 NYS2d 249]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 2, 2004, which, inter alia, ruled that claimant voluntarily withdrew from the labor market.

Prior to his retirement, claimant was employed as a correc-

___

tion counselor with the Department of Correctional Services. He suffers from numerous health conditions, including chronic fatigue syndrome, aphasia, diabetes, coronary artery disease, stress, anxiety, panic disorder and has had multiple strokes. Due to these health-related issues, claimant, at age 52, ceased working in August 1992 and sought workers' compensation benefits. Although claimant testified that he made inquiries about retiring at that time, he was advised by a benefits counselor to wait until he was 55 years old. Accordingly, claimant retired in July 1995. Following contested proceedings, claimant's stress, anxiety and panic disorder were established by the Workers' Compensation Board as work-related conditions with a date of disablement of August 21, 1992. The matter was continued to determine the degree of disability caused by these conditions, as well as whether claimant voluntarily withdrew from the labor market upon his retirement.

In July 2003, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had a permanent total disability as a result of all his medical conditions and a permanent moderate disability attributable to his work-related stress, anxiety and panic disorder. The WCLJ further held that the issue of voluntary removal from the labor market was moot because claimant had no overall earning capacity. Accordingly, the WCLJ classified claimant as having a "causally related moderate permanent partial disability" and awarded him benefits from August 1992 and continuing. Upon review, the Board modified that decision, finding that claimant had a "moderate partial causally related disability" from August 1992 to July 1995, but voluntarily withdrew from the labor market when he retired in July 1995 and was, therefore, not entitled to continuing benefits. This appeal ensued.

In determining that claimant voluntarily withdrew from the labor market, the Board found that "the record shows that claimant left work in August 1992 due to his overall medical condition, and that the immediate cause of the claimant's lack of wages is not *solely* due to his established work-related condition" (emphasis added). Notably, however, a retired claimant will not be considered to have voluntarily withdrawn from the labor market if his or her work-related disability caused or *contributed* to the decision to retire (*see Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]; *Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 946 [2004]). Thus, contrary to the Board's finding, claimant did not have to demonstrate that his work-related stress, anxiety and panic disorder were the *sole* causes of his removal from the work force. Here,

the medical evidence from claimant's treating physician, Stuart Erner, decisively established that claimant's work-related conditions were contributing factors in his retirement.

Furthermore, we note that, "[i]mplicit in the Board's determination that claimant voluntarily withdrew from the labor market is a finding that he was not totally disabled" (*Matter of Knouse v Millshoe*, 260 AD2d 948, 950 [1999]), a determination we do not find is supported by the medical proof in this record. While it is true that, under cross-examination, Erner did indicate that, between 1992 and 1994, claimant might have been able to theoretically work at a job that was "totally stress-free" and "not physically demanding in any way," he specifically stated that, following claimant's September 1994 stroke, which left him with an inability to communicate effectively, he was totally disabled. Thus, we find that the only credible medical evidence in the record establishes that, at the time claimant retired in 1995, he was totally disabled (*see id.*). The fact that claimant's total disablement may have only been partially attributable to his work-related conditions does not, in our view, render his retirement voluntary. Instead, since claimant's work-related conditions contributed to his retirement, we find that aspect of the Board's decision finding that claimant voluntarily withdrew from the labor force not supported by substantial evidence.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.