■ In the Matter of the Claim of THOMAS STAGNITTA, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 714]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 21, 2005, which ruled that claimant voluntarily withdrew from the labor market.

Claimant began working for the employer in 1961 and was exposed to asbestos in varying degrees and forms throughout his employment. In 1998, claimant was diagnosed with lung conditions resulting from occupational exposure to asbestos and filed a claim for workers' compensation benefits. In 1999, claimant was offered a retirement incentive by the employer and accepted it. Ultimately, a Workers' Compensation Law Judge determined that claimant had a work-related permanent partial disability but that he voluntarily withdrew from the labor market when he retired and, therefore, was not entitled to disability payments. Upon review, the Workers' Compensation Board affirmed. Claimant now appeals.

A determination of whether a claimant's retirement was a voluntary withdrawal from the labor market is a factual issue to be resolved by the Board and will be upheld if supported by substantial evidence in the record (*see Matter of Trank v Consolidated Edison Co. of N.Y., Inc.*, 17 AD3d 801, 801 [2005]; *Matter of Bury v Great Neck UFSD*, 14 AD3d 786, 787 [2005]). A withdrawal is not voluntary if the claimant's work-related disability caused or contributed to retirement (*see id.*).

While the record contains some evidence to the contrary, there is substantial evidence to support the Board's determination that claimant's decision to retire was not due to his disability. Indeed, despite claimant's testimony that he had difficulty performing his job duties, claimant worked at full capacity up until the date of his retirement, did not lose time as a result of his work-related health conditions and did not apply for disability retirement (*see Matter of Trank v Consolidated Edison Co. of N.Y., Inc., supra* at 801-802; *Matter of Milby v Consolidated Edison*, 304 AD2d 946, 948 [2003]). Moreover, while the medical evidence establishes that claimant should not engage in work which involves physical activity or exposure to asbestos, he was never advised to retire and is able to do sedentary work (*see Matter of Trank v Consolidated Edison Co. of N.Y., Inc., supra*

at 802; *Matter of Muno v Consolidated Edison*, 305 AD2d 885, 886 [2003]). In light of the foregoing, we find that the Board's decision is supported by substantial evidence and, accordingly, we will not disturb it.

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.