■ In the Matter of the Claim of ROBERT F. MULLIGAN, Appellant, v WORKERS' COMPENSATION BOARD et al., Respondents.
[810 NYS2d 573]—

Carpinello, J. Appeal from a decision of an Arbitration Panel (pursuant to Workers' Compensation Law § 20 [2] [d]), filed December 12, 2003, which, inter alia, ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

On October 3, 2000, claimant retired from his position as a workers' compensation law judge and began working as an attorney in private practice. In a subsequent letter to the State Insurance Fund (the workers' compensation carrier for the Workers' Compensation Board), he claimed that he was entitled to an award for reduced earning benefits citing the "extremely stressful" nature of his position as the precipitating factor for his retirement. He had previously been classified as permanently partially disabled and received benefits for a July 1995 incident wherein he suffered an angina attack at work. Following a hearing, an arbitrator determined that claimant had voluntarily withdrawn from the labor market and thus was not entitled to such an award, a determination upheld on appeal to an arbitration panel (see Workers' Compensation Law § 20 [2] [a]-[e]). Claimant appeals.

Claimant alleges that he did not voluntarily withdraw from the labor market because the stressful nature of his position as a workers' compensation law judge caused and/or contributed to his decision to retire. " 'Whether a claimant has voluntarily withdrawn from the labor market by retiring is a factual issue for the [arbitration panel (see Workers' Compensation Law § 20 [2] [e])] to resolve, and its determination must be upheld if supported by substantial evidence' " (Matter of Trank v Consolidated Edison Co. of N.Y., Inc., 17 AD3d 801, 801 [2005], quoting Matter of Bury v Great Neck UFSD, 14 AD3d 786, 787 [2005]). To be sure, retirement is not considered voluntary if an existing disability precipitated or contributed to such decision (see Matter of Trank v Consolidated Edison Co. of N.Y., Inc., supra; Matter of De Simone v Consolidated Edison Co. of N.Y., 309 AD2d 1032, 1033 [2003]; Matter of Lombardi v Brooklyn Union Gas

*Co.*, 306 AD2d 704, 705 [2003]). Here, while claimant testified that his treating physician encouraged him "to find something less stressful to do," claimant conceded that this physician did not mandate that he retire. Indeed, upon returning to work following bypass surgery in September 1995, claimant worked without incident or complaint for another five years before retiring. The record further establishes that he never complained to any supervisor that he was retiring due to stress, never requested any special accommodations from his employer to reduce his alleged stress and never applied for disability retirement. As of the hearing, claimant was working approximately the same number of hours in private practice albeit, according to him, on a more flexible basis. Given the foregoing evidence, the determination that claimant voluntarily withdrew from the labor market is supported by substantial evidence and thus will not be disturbed (*see Matter of Stagnitta v Consolidated Edison Co. of N.Y.*, 24 AD3d 1099, 1101 [2005]; *Matter of Trank v Consolidated Edison Co. of N.Y., supra*; *Matter of Milby v Consolidated Edison*, 304 AD2d 946 [2003]).

Claimant's contention that he did not receive a fair and impartial hearing before the arbitrator is unpreserved for our review since he failed to raise this issue before the arbitrator or to the arbitration panel in his written summations to it (*see generally Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]; *Matter of Hemeda v Sbarro, Inc.*, 289 AD2d 784, 785 [2001]. In any event, we are satisfied that he received a fair hearing before the arbitrator and, similarly, we perceive no evidence of prejudice or other error by the arbitration panel. His remaining contentions have been reviewed and determined to be without merit.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.