In the Matter of the Claim of SAMUEL WEST, Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 221]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 11, 2005, which ruled that claimant voluntarily withdrew from the labor market and denied his application for postretirement benefits.

Claimant, a lineman employed by Niagara Mohawk for 31 years, sustained a compensable back injury in October 2000. He underwent back surgery in January 2001 and was released by his doctor to return to work without any medical restrictions in April 2001. He returned to full-duty work as a lineman and continued to work as such until December 2001, when he decided to retire. Although claimant presented evidence that his decision to retire was compelled by his inability to perform his job duties, the workers' compensation law judge found that he had voluntarily retired. The Workers' Compensation Board affirmed this decision and claimant now appeals.

Whether a claimant's retirement was a voluntary withdrawal from the labor market is a factual issue to be determined by the Board, and its determination will be upheld if supported by substantial evidence in the record (*see Matter of Stagnitta v Consolidated Edison Co. of N.Y.,* 24 AD3d 1099, 1100 [2005]; *Matter of Trank v Consolidated Edison Co. of N.Y., Inc.,* 17 AD3d 801, 801 [2005]; *Matter of Yannucci v Consolidated Freightways,* 6 AD3d 945, 946 [2004]). A withdrawal is not voluntary if the claimant's work-related disability caused or contributed to the decision to retire (*see Matter of Price v Hudson Correctional Facility,* 24 AD3d 820, 821 [2005]; *Matter of Yannucci v Consolidated Freightways, supra*).

Here, a functional capacity evaluation performed in April 2001 revealed that claimant was capable of performing his job as a lineman. Further, there was no evidence that claimant missed work between April and December 2001, and indeed, claimant worked overtime during that period. Claimant's supervisors were unaware that he was having difficulty performing his job duties and that his colleagues were in fact assisting him. Moreover, his doctor did not advise him to retire, nor did claimant consult with him about retirement, even though he was examined by the doctor contemporaneously to his decision to retire. Lastly, claimant did not apply for disability retirement. Despite evidence to the contrary, these factors provide support for the Board's determination that claimant voluntarily withdrew from the labor market (*see Matter of Stagnitta v Consolidated Edison Co. of N.Y., supra*; *Matter of Trank v Consolidated Edison Co. of N.Y., Inc., supra* at 802; *Matter of Resto v New York City Hous. Auth.,* 14 AD3d 741, 742 [2005]), and thus, it will not be disturbed.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.