■ In the Matter of the Claim of MICHAEL TORCHIANO, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 868]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 2005, which, inter alia, ruled that claimant did not voluntarily withdraw from the labor market.

Claimant was exposed to asbestos during the 33 years he worked for the employer. In May 1999, claimant filed for workers' compensation benefits alleging asbestosis and chronic lung disease. Shortly thereafter, claimant notified the employer that he would retire effective July 1, 1999. Following a hearing, claimant's disability due to occupational disease for asbestosis and asbestos-related pleural disease was established and, after reserving decision, a Workers' Compensation Law Judge determined that claimant retired due to his disability and did not voluntarily withdraw from the labor market. The Workers' Compensation Board affirmed that decision and this appeal ensued.

Whether a claimant's retirement constitutes a voluntary withdrawal from the labor market is a factual question for the Board to decide and its decision will not be disturbed if supported by substantial evidence (*see Matter of Flannery v Nassau County Police Dept.*, 26 AD3d 678, 678 [2006]; *Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d 1032, 1032-1033 [2003]). A withdrawal from the labor market will not be considered voluntary if there is evidence that claimant's "work-related disability caused or *contributed* to the decision to retire" (*Matter of Price v Hudson Correctional Facility*, 24 AD3d 820, 821 [2005]; *see Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 946 [2004]).

Here, claimant testified that he retired because he experienced breathing difficulties and tightness in his chest while performing some of his duties at work. Ira Gould, a physician specializing in internal medicine and pulmonary diseases, opined that claimant was "permanently totally disabled" based upon his "very severe impairment of pulmonary function" caused by his exposure to asbestos. As a result, Gould advised claimant to retire. Although the record could support a contrary conclusion,

it is within the province of the Board to evaluate the evidence and determine issues of credibility (*see Matter of Yannucci v Consolidated Freightways, supra* at 947). Under the circumstances herein, substantial evidence supports the Board's decision and we decline to disturb it (*see Matter of De Simone v Consolidated Edison Co. of N.Y., supra* at 1033).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.