In the Matter of the Claim of GEORGE LACOSSE, Respondent, v SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [851 NYS2d 661]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed October 5, 2006, which ruled that claimant did not voluntarily withdraw from the labor market.

In October 2001, claimant was injured in the course of his employment and a claim for a low back injury was established. His employment was terminated by the self-insured employer in November 2002 due to claimant's "separation from service resulting from an occupational injury" for more than a year. In June 2004, claimant was determined to have a marked permanent partial disability as a result of the October 2001 injury. In a February 2006 request for further action, the employer raised the issue that claimant had voluntarily withdrawn from the workplace. After a hearing before the Workers' Compensation Law Judge, it was determined that claimant did not voluntarily withdraw from the labor market. The Workers' Compensation Board affirmed that determination, prompting this appeal.

Whether a claimant's retirement constitutes a voluntary withdrawal from the labor market is an issue of fact to be determined by the Board and, if supported by substantial evidence, its determination will not be disturbed (see Matter of Torchiano v Consolidated Edison Co. of N.Y., Inc., 42 AD3d 825, 826 [2007]; Matter of De Simone v Consolidated Edison Co. of N.Y., 309 AD2d 1032, 1032-1033 [2003]). Evidence that a work-related disability caused or contributed to a claimant's decision to retire will support a finding that a claimant's withdrawal from the labor market was not voluntary (see Matter of Torchiano v Consolidated Edison Co. of N.Y., Inc., 42 AD3d at 826; Matter of Price v Hudson Correctional Facility, 24 AD3d 820, 821 [2005]; Matter of Jiminez v Waldbaums, 9 AD3d 99, 100 [2004]; Matter

*of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d at 1033).

Here, claimant testified that the limitations arising from his back disability resulted in his inability to secure suitable employment since that injury. Testimony and documentary evidence received from claimant's treating chiropractor, which detailed and confirmed the extent of claimant's injury and limitations, provided substantial evidence to support the Board's determination (*see Matter of Torchiano v Consolidated Edison Co. of N.Y., Inc.*, 42 AD3d at 826-827; *Matter of De Simone v Consolidated Edison Co. of N.Y.*, 309 AD2d at 1033).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.