◼ In the Matter of the Claim of WILLIAM CONNELL, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [857 NYS2d 240]—

Kane, J.

Claimant sustained a compensable injury to his back, hip and ankle in 2001 that was ultimately found to be a permanent partial disability. In October 2002, claimant returned to work after back surgery, restricted to light duty with limited lifting.

Claimant went out of work again in October 2003 and was cleared to return to light duty one month later. At approximately the same time, however, claimant notified the employer he was retiring, effective February 2004. A Workers' Compensation Law Judge found that claimant voluntarily retired from the labor market for reasons not related to his disability and denied postretirement workers' compensation benefits. The Workers' Compensation Board affirmed this decision and claimant now appeals.

We affirm. The question of whether a claimant's retirement was voluntary is a factual determination for the Board which will be upheld if supported by substantial evidence, even if there is evidence supporting a contrary result (*see Matter of Phillips v Plainville Turkey Farms, Inc.*, 45 AD3d 1061, 1062 [2007]; *Matter of O'Dell v Consolidated Edison*, 34 AD3d 1137, 1138 [2006]). Here, medical testimony indicated that claimant was cleared to work with restrictions at the time of his retirement and evidence was presented that such employment was offered claimant. Claimant also was not advised to retire from light-duty employment and did not apply for a disability pension, but instead retired with a full unreduced pension right after reaching the qualifying age. Although claimant presented evidence to the contrary, the Board's determination that he voluntarily withdrew from the labor market is supported by substantial evidence and must be upheld (*see Matter of West v Niagara Mohawk Power Corp.*, 29 AD3d 1251, 1252 [2006]; *Matter of Stagnitta v Consolidated Edison Co. of N.Y.*, 24 AD3d 1099, 1100-1101 [2005]).

Peters, J.P., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.