Carpinello, J.
Appeal from a decision of the Workers’ Compensation Board, filed May 24, 2007, which ruled that claimant voluntarily withdrew from the labor market and denied his application for postretirement benefits.
Claimant, a correction officer, sustained a compensable injury to his lower back and right leg in August 2002 and filed a claim for benefits. Claimant returned to work without any medical restrictions and continued in that capacity until December 2005, when he decided to retire one month after attaining his 25th year of service. A hearing regarding claimant’s application for postretirement benefits ensued, at the conclusion of which claimant was classified with a permanent partial disability. The Workers’ Compensation Law Judge nonetheless found that claimant retired voluntarily and, accordingly, denied his claim for benefits. A panel of the Workers’ Compensation Board affirmed, prompting this appeal.
We affirm. “Whether a claimant’s retirement was a voluntary withdrawal from the labor market is a factual issue to be determined by the Board, and its determination will be upheld if supported by substantial evidence in the record” (Matter of West v Niagara Mohawk Power Corp., 29 AD3d 1251, 1252 [2006] [citations omitted]; see Matter of Stagnitta v Consolidated Edison Co. of N.Y., 24 AD3d 1099, 1100 [2005])—even if other evidence in the record could support a contrary result (see Mat *857 ter of Connell v Consolidated Edison Co. of N.Y., Inc., 49 AD3d 1055, 1056 [2008]; Matter of Resto v New York City Hous. Auth., 14 AD3d 741, 742 [2005]). Here, claimant continued to work without restriction after sustaining his injury—missing approximately five weeks of work between August 2002 and December 2005—never requested or received a modified or light-duty assignment, filed for service (as opposed to disability) retirement, admitted that he did not advise his supervisors that he was retiring due to his back condition and conceded that although his chiropractor stated that retirement “would probably be easier on [him],” he was not medically advised to retire. Thus, despite other evidence suggesting that claimant’s injury may have contributed to his decision to retire, we conclude that the Board’s decision is supported by substantial evidence and, as such, must be upheld (see Matter of Mulligan v Workers’ Compensation Bd., 27 AD3d 848, 849 [2006]; Matter of Trank v Consolidated Edison Co. of N.Y., Inc., 17 AD3d 801, 801-802 [2005]; Matter of Resto v New York City Hous. Auth., 14 AD3d at 741-742).
Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.