■ In the Matter of the Claim of RONALD J. HAYES, Appellant, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [916 NYS2d 308]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 2009, which ruled that claimant voluntarily removed himself from the labor market and denied his claim for workers' compensation benefits.

Claimant, a police officer, sustained work-related injuries in 1991 and 2000 automobile accidents, and he retired in 2002. When this case was last before us, we reversed a determination of the Workers' Compensation Board that claimant voluntarily removed himself from the labor market, noting that the Board had failed to consider the testimony of Peter Lesniewski, claimant's treating orthopedic surgeon (*Matter of Hayes v Nassau County Police Dept.*, 59 AD3d 831 [2009]). Upon remittal, the Board considered Lesniewski's testimony and again determined that claimant had voluntarily removed himself from the labor market. Claimant now appeals and we affirm.

Whether a claimant's retirement constituted a voluntary withdrawal from the labor market is a factual issue for the Board, and its determination will be upheld if supported by substantial evidence in the record (*see Matter of LeFever v City of Cortland Fire Dept.*, 66 AD3d 1061, 1062 [2009], *lv denied* 13 NY3d 716 [2010]; *Matter of Danussi v Chateaugay A.S.A.C.T.C.*, 56 AD3d 856, 856 [2008]). Here, Lesniewski opined that claimant was partially disabled, but neither he nor any other physician advised claimant to retire. Indeed, Lesniewski only sporadically treated claimant prior to his retirement, and claimant's treating chiropractor and another physician determined that he was not disabled from his regular work duties during that period. Moreover, claimant missed little work due to his injuries, and made minimal efforts to secure a light-duty assignment in the years

prior to his retirement. Claimant further did not file for disability retirement and has made no effort to find work within his medical restrictions since retiring. Thus, while some evidence exists to support a different conclusion, the Board's decision that claimant's injuries did not contribute to his decision to retire is supported by substantial evidence and will not be disturbed (*see Matter of Danussi v Chateaugay A.S.A.C.T.C.*, 56 AD3d at 856-857; *Matter of Trank v Consolidated Edison Co. of N.Y., Inc.*, 17 AD3d 801, 801-802 [2005]).

Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.