Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 24, 2011, which ruled that claimant voluntarily removed himself from the labor market and denied his claim for workers’ compensation benefits.
Claimant, a health teacher for the Schenectady City School District, sustained a variety of compensable injuries, including to his head and back, while breaking up a fight between students in February 2006. In December 2008, claimant submitted a letter to the employer, informing it that he would be retiring effective June 2009. Subsequent to claimant’s retirement, the employer and its workers’ compensation carrier sought to suspend benefits based upon claimant’s voluntary withdrawal from the labor market. Ultimately, the Workers’ Compensation Board determined that claimant voluntarily withdrew from the labor market and, consequently, was not entitled to awards after June 24, 2009. Claimant now appeals.
We affirm. Whether claimant’s retirement constituted a voluntary withdrawal from the labor market presented a factual issue for the Board, and its determination will not be disturbed if supported by substantial evidence (see Matter of Hayes v Nassau County Police Dept., 81 AD3d 1045, 1045 [2011]; Matter of Balint v NYS Dept. of Corrections, 79 AD3d 1570, 1570-1571 [2010]). Here, the Board relied on the report of a physician who performed an independent medical examination and opined that, while claimant suffered from a moderate to marked disability, he was capable of working in a modified duty capacity. Furthermore, claimant’s letter informing the employer that he was taking advantage of a very favorable retirement incentive made no mention of the fact that his physical disabilities played a role in his decision to retire. In addition, claimant testified that he never discussed retirement with his doctors, did not advise the employer that he was retiring due to his disabilities and never asked for an accommodation to return to work within his restrictions. Thus, despite the existence of evidence that may have supported a different result, we find the Board’s determination to be supported by substantial evidence (see Matter of Hayes v Nassau County Police Dept., 81 AD3d at 1046; Matter of Danussi v Chateaugay A.S.A.C.T.C., 56 AD3d 856, 856-857 [2008]; Matter of Lombardi v Brooklyn Union Gas Co., 306 AD2d 704, 705 [2003]). Claimant’s remaining contentions have been examined and found to be without merit.
*1336 Peters, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.