■ In the Matter of the Claim of PAMELA GOLDSTEIN, Appellant, v PRUDENTIAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [986 NYS2d 702]—

Lahtinen, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 31, 2012, which, among other things, ruled that claimant voluntarily removed herself from the labor market.

Claimant, an insurance salesperson, sustained compensable injuries to her head, neck and back when she fell at work in 2001. She retired at the end of that year and, in 2004, was diagnosed as suffering from Parkinson's disease. Claimant sought to amend her workers' compensation claim to include consequentially related Parkinson's disease and argued that she was entitled to postretirement benefits. The Workers' Compensation Board ultimately determined, among other things, that claimant's disease was unrelated to the 2001 accident and that she had retired voluntarily. Claimant now appeals.

We affirm. "Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (*Matter of Bailey v Ben Ciccone, Inc.*, 104 AD3d 1017, 1017 [2013] [citations omitted]; *see Matter of Bland v Gellman, Brydges & Schroff*, 100 AD3d 1289, 1291 [2012], *lv dismissed* 20 NY3d 1055 [2013]). Claimant submitted medical evidence that the head trauma she sustained in the 2001 accident led to her Parkinson's disease, but her own neurologist notably declined to draw such a connection. Indeed, a neurologist who conducted an independent medical examination of claimant opined that the head injury she had sustained was not sufficiently severe to give rise to Parkinson's disease. The Board assessed these conflicting medical opinions and, according deference to its decision to credit the latter, we find that substantial evidence supports the Board's decision (*see Matter of Bland v Gellman, Brydges & Schroff*, 100 AD3d at 1291).

Contrary to claimant's further contention, the Board properly determined that her "retirement constituted a voluntary withdrawal from the labor market" (*Matter of Richardson v Schenectady City School Dist.*, 96 AD3d 1335, 1335 [2012]). While claimant testified that she missed work due to her injuries and that the lost time caused her to miss her sales quota and forced her to retire, the Board aptly noted that the documentary evidence in the record does not support those claims. Claimant admittedly never told the employer that she was unable to work, never received medical advice to retire, and made no effort to seek a disability retirement pension. "Thus, despite the exis-

tence of evidence that may have supported a different result, we find the Board's determination to be supported by substantial evidence" (*id.* [citations omitted]; *see Matter of Danussi v Chateaugay A.S.A.C.T.C.*, 56 AD3d 856, 856-857 [2008]; *Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704, 705-706 [2003]).

We need not address claimant's remaining argument in light of the foregoing.

McCarthy, Rose, Egan Jr. and Lynch, JJ., concur. Ordered that the decision is affirmed, without costs.